Sheehan & Associates, P.C.

891 Northern Boulevard, Suite 201, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

July 5, 2018

District Judge Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Medina et al. v. That's It Nutrition, LLC
1:18-cv-02022-NGG-RML

Dear District Judge Garaufis:

This office represents the plaintiff in the above action. This letter-motion is made pursuant to Rules II(E) and III(A)(2) of your Honor's Individual Rules and renews the request made therein. Plaintiff requests a pre-motion conference to seek the Court's permission for the addition of the party plaintiff Freddie Jamison in the amended complaint, filed July 3, 2018, and an extension of thirty (30) days to complete service of same.

The original deadline for service of the initial complaint is July 5, 2018. Plaintiff previously requested extending this date, which was denied without prejudice to renew. Order on Motion for Joinder, July 5, 2018; ECF 7. Your Honor's Order correctly indicates that the undersigned's prior request did not indicate whether the adversary consents. Plaintiff regrets this omission and corrects it herein. Defendant has not consented because service of process has not been completed upon defendant and therefore, defendant has not appeared or answered in this action and cannot grant consent to plaintiff. Within the past week, plaintiff determined the necessity of joining plaintiff Jamison and submits that carrying out service in the absence of Jamison's joinder would complicate the relevant and operative document which defendant would need to respond to once service is completed and eliminate any scheduling or timing issues.

Plaintiff recognizes this letter should have preceded the filing of the amended complaint, based on Fed. R. Civ. P. 21, which provides that parties may be "added by order of the court on motion of any party." *See FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997) ("[A]lthough Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule"); *Omar v. 1 Front Street Grimaldi, Inc.*, 16-cv-05824 (E.D.N.Y. May 8, 2018) ("there 'is in practical terms little difference between [Rule 21]' and Rule 15"); *Sullivan v. West New York Residential, Inc.*, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003) ("Rule 21 allows the court broad discretion to permit the addition of a party at any stage in the litigation").

In deciding whether to permit joinder, courts consider "whether the claims of the additional plaintiffs arose out of the same or separate acts or occurrences." *Cortigiano v. Oceanview Manor Home for Adults*, 04-cv-4077 (E.D.N.Y. Apr. 4, 2005); Fed. R. Civ. P. 20(a)(1) (allowing joinder where a plaintiff asserts a right to relief arises from same occurrences and questions of law and fact are common). At bar, the claims of proposed plaintiff, Jamison, are similar to those of present plaintiff Medina, in that each: purchased the product of defendant in 2017, in this district at the

same price, resides in this district, and relied on the same representations.  Defendant will not be prejudiced by the relief sought herein.  Thank you for the attention to this matter.

                                                Respectfully submitted,

                                                /s/ Spencer Sheehan
                                              Spencer Sheehan

Certificate of Service

I certify that on July 5, 2018, I served the foregoing by electronically filing and/or mailing (first-class mail) same, to the persons or entities indicated below, at their last known address of record (blank where not applicable).

☐ CM/ECF   ☐ First-Class Mail

/s/ Spencer Sheehan
Spencer Sheehan